IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RYAN LEE WILLIAMS,

       Plaintiff,

v.                                                    Civil Action No. 5:17CV65
                                                                  (STAMP)

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
**ADOPTING AND AFFIRMING MAGISTRATE**
**JUDGE'S REPORT AND RECOMMENDATION,**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**AND OVERRULING PLAINTIFF'S OBJECTIONS**

I.   Procedural History

The plaintiff, Ryan Lee Williams, received supplemental security income ("SSI") as a child because he was disabled. Upon attaining the age of 18 years old, the Social Security Administration ("SSA") was required to redetermine the plaintiff's eligibility for SSI disability benefits pursuant to 20 C.F.R. § 416.987. The SSA determined that the plaintiff is not disabled under the rules set forth for redeterminations for individuals who attain age 18. The plaintiff challenged this finding, and the matter went before an Administrative Law Judge ("ALJ") who also determined that the plaintiff was not eligible for benefits under 20 C.F.R. § 416.987. The plaintiff filed an appeal of the decision to the appeals council. The appeals council denied the plaintiff's

request for review and thus the decision became the final decision of the Commissioner of Social Security.

To evaluate the plaintiff's case, the ALJ used the five-step sequential evaluation process for evaluating disability of adults as set forth in 20 C.F.R. § 416.920. However, the ALJ noted that the first step, considering substantial gainful activity (20 C.F.R. § 920(b)), is not used for disability redeterminations for individuals who attain age 18. Using the remaining steps in the process, the ALJ made the following findings: (1) during the period at issue, the plaintiff has evidenced "the following severe impairments: insulin dependent diabetes mellitus; expressive and receptive language delays, borderline intellectual functioning, adjustment disorder, and auditory processing disorder;" (2) during the period at issue, none of the plaintiff's impairments, whether considered individually or in combination, "meet[] or medically equal[] the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1;" (3) during the period at issue, the plaintiff "has had the residual functional capacity to perform light work as defined in 20 [C.F.R.] 416.967(b)," including several limitations; and (4) the plaintiff is capable of performing "jobs that exist in significant numbers in the national economy." ECF No. 11 at 23-33. Therefore, the ALJ found that the plaintiff is not disabled.

The plaintiff then filed a request for judicial review of the ALJ's decision in this Court.  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Civil Procedure 9.02(a), this case was referred to United States Magistrate Judge Robert W. Trumble.  Both parties filed motions for summary judgment.  After consideration of those motions, the magistrate judge entered a report and recommendation.  In that recommendation, the magistrate judge recommended that the plaintiff's motion for summary judgment (ECF No. 14) be denied, the defendant's motion for summary judgment (ECF No. 15) be granted, the decision of the Commissioner be affirmed, and this case be dismissed with prejudice.  The plaintiff filed timely objections to the report and recommendation.  The defendant then filed a response to the plaintiff's objections.

## II.  Applicable Law

Because the plaintiff timely filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made.  28 U.S.C. § 636(b)(1)(C).  As to those findings to which objections were not made, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

III. <u>Discussion</u>

As the United States Court of Appeals for the Fourth Circuit has held, "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Id.</u> A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." <u>Thompson v. Astrue</u>, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting <u>Johnson v. Barnhart</u>, 434 F.3d 650, 653 (4th Cir. 2005)).

The plaintiff argues in his motion for summary judgment that the ALJ incorrectly weighed the testimony of various witnesses. The plaintiff contends that the ALJ should not have relied on Dr. Gross, Dr. Capage, and Dr. Shaver, and that the ALJ should have given more weight to Mr. McCullough and Dr. Soule. The plaintiff raises several arguments in support of these claims, including: (1) that Dr. Gross was not board certified; (2) that several of the testifying doctors did not review the entire record; (3) that Dr. Gross was unreliable because he was paid to testify; (4) that Dr.

Shaver's and Dr. Capage's opinions should be given less weight because the doctors only "signed off" on forms that non-experts filled out (citing Murphy v. Comm'r of Soc. Sec. Admin., No. 5:16CV27, 2017 WL 959580, at *1 (N.D. W. Va. Mar. 13, 2017)); (5) that the testimonies of Mr. McCullough and Dr. Soule were supported by evidence in the record; (6) that the ALJ erred in giving "not great weight" rather than "no weight" to the opinions of Dr. Franyutti and Dr. Lateef; and (7) that Dr. Capage did not evaluate "Mr. Williams's 12.10-type impairments." ECF No. 14-1 at 5-9, 11, ECF No. 17 at 4-6. Further, the plaintiff asks this Court to remand the case to a different ALJ because "the current ALJ abused her discretion by calling a medical expert." ECF No. 14-1 at 10. The plaintiff contends that the ALJ "show[s] no desire to fairly adjudicate this claim" because the plaintiff contends the ALJ improperly applied the standards for evaluating opinion evidence. ECF No. 14-1 at 11.

The defendant's motion for summary judgment asks this Court to affirm the decision of the ALJ. In the defendant's memorandum in support, the defendant addresses many of the points the plaintiff raised. First, the defendant points out that although board certification can give additional weight to a witnesses testimony, the ALJ can consider the testimony of witnesses who are not certified. ECF No. 16 at 5 (citing Garcia v. Colvin, No. CV 12-06542-MAN, 2014 WL 358396, at *3 (C.D. Cal. Jan 30, 2014)). Second,

the defendant argues that it is not necessary for a medical expert to review the entire record. Third, the defendant argues that Dr. Gross's fee for testifying does not automatically make him unreliable, since the Social Security hearing system is not designed to be an adversarial system. Fourth, the defendant disputes the plaintiff's characterization of Murphy, arguing that the issue in Murphy involved the "sign off" by a doctor who was not involved in treating the claimant. Fifth, the defendant points to conflicting evidence to show that the ALJ relied on more than a mere scintilla to reach her evaluation of the opinions of Mr. McCullough and Dr. Soule. ECF No. 16 at 12-13. Finally, the defendant argues that remand to a new ALJ is not warranted because the plaintiff has not cited any supporting authority to show that either a new ALJ is appropriate or that calling a medical expert constitutes an abuse of discretion.

In his report and recommendation, the magistrate judge noted that in a judicial review of the ALJ's decision, the appropriate standard of review is to determine whether "the ALJ applied the proper legal standards and whether the ALJ's factual findings are supported by substantial evidence." ECF No. 21 at 5 (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)). The magistrate judge found that the ALJ properly relied on the opinions of Dr. Gross, Dr. Capage, and Dr. Shaver. As to Dr. Gross, the magistrate judge first noted that it is unclear why the plaintiff argues that

the ALJ made an error by relying on Dr. Gross's opinion of the plaintiff's condition. The magistrate judge found that, while Dr. Gross concluded that the plaintiff's impairments were not severe, the ALJ concluded the plaintiff suffered from several severe impairments. Because the ALJ's conclusion gave the plaintiff the benefit of the doubt, the magistrate judge concluded that if this was an error, it did not prejudice the plaintiff. Second, the magistrate judge found that Dr. Gross did not need to be board certified for the ALJ to give his opinion weight. Third, the magistrate judge found that Dr. Gross was not required to review the entire record before rendering an opinion. Fourth, the magistrate judge found that the ALJ did not need to find Dr. Gross unreliable because he was paid to testify; medical experts are not automatically deemed biased because they are compensated. On this point, the magistrate judge noted that plaintiff's counsel had brought this same meritless argument in a previous case, and reminded plaintiff's counsel that raising meritless arguments could potentially result in sanctions under Federal Rule of Civil Procedure 11.

As to Dr. Capage, the magistrate judge first noted that the fact that Dr. Capage did not evaluate plaintiff's "12.10-type" impairments is irrelevant because the plaintiff does not contend that he satisfies Listing 12.10. The magistrate judge noted that arguments not raised in a motion for summary judgment are waived.

Second, as to the plaintiff's argument that Dr. Capage's opinion is less reliable because he only "signed off" on a document, the magistrate judge found that the plaintiff's reliance on Murphy is misplaced because this case is distinguishable from Murphy. As to Dr. Shaver, the magistrate judge found the plaintiff's arguments rang hollow for reasons already stated; the doctor did not need to evaluate plaintiff's 12.10-type impairments or review the entirety of the record. The magistrate judge also addressed the opinions of Dr. Franyutti and Dr. Lateef, and found no error in the ALJ's opinion because "nothing in the ALJ's opinion suggests that the ALJ gave any credence" to those opinions. ECF No. 21 at 14.

Further, the magistrate judge found that the plaintiff's argument that the ALJ did not properly evaluate the medical opinions based on requirements in 20 C.F.R. § 404.927 was meritless because the cited code section does not contain requirements for evaluating medical opinions. Lastly, the magistrate judge found that, "[t]he ALJ [p]roperly [d]iscredited the [o]pinions of Mr. McCullough and Dr. Soule." ECF No. 21 at 16. The magistrate judge found that the ALJ made no error in this finding because both opinions were contradicted by evidence in the record, and the ALJ weighed conflicting evidence and explained why these opinions were given their respective weights.

In his objections, the plaintiff raises many of the same arguments from his motion for summary judgment. For example, the

plaintiff argues that Dr. Gross's testimony was problematic because he is not board certified. In other places, the plaintiff mischaracterizes the report and recommendation. For example, the plaintiff states "The Federal Magistrate indicates that Psychologist McCullough's opinion is de facto, not reliable because it was sought in the normal course of treatment." ECF No. 22 at 25. In contrast, the cited portion of the report and recommendation states: "Finally, <u>the ALJ discounted Mr. McCullough's opinion because</u> it was not sought in the Plaintiff's normal course of treatment." ECF No. 21 at 18 (emphasis added). Further, the plaintiff also seems to argue that either the ALJ or the magistrate judge have violated the plaintiff's equal protection and due process rights.

However, the plaintiff does raise several objections that are not repetitions of the motion for summary judgment. First, the plaintiff objects to the magistrate judge's "use of [r]ule 11 against" the plaintiff's counsel because the plaintiff's argument was made in response to comments by the ALJ about another witness being paid. ECF No. 22 at 6. Although the plaintiff concedes that whether an expert medical witness was paid to produce a report is not a basis for evaluating the reliability of the report, the plaintiff argues that his argument was not meritless because "the ALJ raised the issue first." ECF No. 22 at 6.

Next, the plaintiff argues that the magistrate judge's finding that the ALJ placed "not great weight" on the opinions of Dr.

9

Franyutti and Dr. Lateef is mistaken. ECF No. 22 at 15. The plaintiff reviews the evidence and argues that the ALJ must have "relied on Dr. Franyutti" to reach her evaluation of the plaintiff's mental impairments because his "evaluation is the only evaluation in which the ALJ gave, presumably, something more than 'little weight.'" ECF No. 22 at 15. The plaintiff does not explain why Dr. Franyutti's opinion was relied on rather than Dr. Gross's, which was given great weight.[1] ECF No. 11 at 30. Finally, the plaintiff argues that the magistrate judge did not address his argument that the ALJ failed to utilize the medical opinion evidence factors found in 20 C.F.R. § 416.927. Due to a typographical error in the plaintiff's motion for summary judgment, the magistrate judge believed the plaintiff was referring to 20 C.F.R. § 404.927; as such, the magistrate judge found no error in the ALJ's findings because § 404.927 does not include factors for evaluating medical opinion evidence.

In response, the defendant contends that "the plaintiff's objections raise essentially the same issues previously raised in his initial brief," and, therefore, the defendant relies on the reasoning of the magistrate judge. ECF No. 25 at 1-2. However, the defendant also argues that the plaintiff's reference to violations

---

[1] The ALJ findings state, "[a]s for the opinion evidence of the claimant's mental limitation, the undersigned has given great weight to the opinion of the impartial medical expert, Dr. Richard Gross." ECF No. 11 at 30.

of equal protection and due process were not raised in his opening brief and are therefore waived. Finally, the defendant notes that, although the plaintiff objects to the use of Rule 11, the magistrate judge did not implement any sanctions.

On de novo review, this Court finds that the ALJ's decision is supported by substantial evidence. First, the magistrate judge is correct that the ALJ properly relied on the opinions of Dr. Gross, Dr. Capage, and Dr. Shaver. Pursuant to 20 C.F.R. § 416.927, it is not required that Dr. Gross be board certified in order for the ALJ to give his opinion weight. See Garcia v. Colvin, No. CV 12-06542-MAN, 2014 WL 358396, at *3 (C.D. Cal. Jan. 30, 2014) (explaining that board certification is simply "an added prestige upon which ALJs tend to rely"). The ALJ was also not required to deem Dr. Gross unreliable because he was paid to testify. See Simmons v. Berryhill, No. 5:17-CV-25, 2017 WL 8777460, at *5 n.10 (N.D. W. Va. Dec. 22, 2017) ("It is well established that medical and vocational experts are not biased, or their opinions unreliable, simply because the SSA compensates them for their services.").

This Court finds that the magistrate judge is correct that Dr. Capage did not err in failing to evaluate the plaintiff's 12.10-type impairments because the plaintiff does not allege that he satisfies Listing 12.10. Thus, the plaintiff waived this argument. This Court also agrees with the magistrate judge that Dr. Capage's opinion is not less reliable because he only "signed off" on a

11

document. Specifically, the plaintiff takes issue with the fact that Dr. Capage's opinion preceded other relevant evidence in the record. This Court agrees with the magistrate judge that state agency review often precedes completion of the record, and, thus, the relevant inquiry is whether a significant change occurred in the plaintiff's condition after Dr. Capage issued his opinion "that reasonably would affect its validity." Hampton v. Colvin, No. 1:14-CV-24505, 2015 WL 5304294, at *22 (S.D. W. Va. Aug. 17, 2015). The magistrate judge correctly concluded that, assuming there was a significant change, the ALJ appropriately gave Dr. Capage's opinion only partial weight.

Furthermore, this Court finds that the magistrate judge is correct that Dr. Shaver and the rest of the doctors were not required to review the entirety of the record. The consistency prong of 20 C.F.R. § 416.927 does not impose any such requirement. Rather, it states that "the more consistent a medical opinion is with the record as a whole, the more weight [the SSA] will give to that medical opinion." 20 C.F.R. § 416.927(c)(4).

This Court also agrees with the magistrate judge that, contrary to the plaintiff's arguments, the ALJ's opinion indicates that the ALJ did not give any credence to Dr. Franyutti and Dr. Lateef's evaluations of the plaintiff's mental impairments. The ALJ's opinion indicates only that the ALJ considered, but did not

12

give great weight to, Dr. Franyutti and Dr. Lateef's opinions of the plaintiff's physical limitations. ECF No. 11 at 29.

Next, this Court finds that the magistrate judge is correct that it was within the ALJ's discretion to call a medical expert, in this case Dr. Gross, to testify at the hearing. See Boggs v. Astrue, No. 2:12-CV-25, 2012 WL 5494566, at *7 (N.D. W. Va. Nov. 13, 2012) ("An administrative law judge abuses his discretion only when the testimony of a medical expert is 'required for the discharge of the ALJ's duty to conduct a full inquiry into the claimant's allegations." (citing 20 C.F.R. § 416.1444)). The record indicates that the ALJ specifically informed Dr. Gross that he may be asked to testify as to: "(1) the validity of the diagnoses or prognoses reflected in the evidence[,] (2) the degree of the claimant's dysfunction as of the period to be considered . . . , and (3) a medical assessment of the claimant's physical and/or mental capacity." ECF No. 11 at 102.

Lastly, this Court finds that the magistrate judge correctly found that the ALJ properly discredited the opinions of Mr. McCullough and Dr. Soule. The ALJ properly discredited Dr. Soule's opinion because the opinion did not explain how the plaintiff's condition affected his ability to work and because it was contradicted by evidence of record. For example, Dr. Soule opined that the plaintiff could not monitor his own blood sugar, but a report from the plaintiff's teacher indicated that the plaintiff

13

tests his own blood sugar and administers his own insulin. ECF No. 11 at 29. The ALJ also properly weighed conflicting evidence and explained why Mr. McCullough's opinion was entitled little weight. For example, Mr. McCullough opined that the plaintiff cannot interact appropriately with others, but other evidence showed that the plaintiff has friends and a girlfriend, plays interactive sports with his friends, and interacts with coworkers at his job at McDonald's. ECF No. 11 at 32.

Accordingly, on de novo review, this Court finds that the ALJ's determination should be upheld, as recommended by the magistrate judge.

## IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 21) is AFFIRMED and ADOPTED. Accordingly, the defendant's motion for summary judgment (ECF No. 15) is GRANTED, the plaintiff's motion for summary judgment (ECF No. 14) is DENIED, and the plaintiff's objections to the report and recommendation (ECF No. 22) are OVERRULED. It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    July 18, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE